FILED 17

AUG 30 2004
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH PHELAN,

Defendant/Petitioner,

vs.

UNITED STATES OF AMERICA,

Plaintiff/Respondent.
_______________________________/

CIVIL ACTION NO. 03-CV-73942-DT
CRIMINAL CASE NO. 98-CR-80812-02

DISTRICT JUDGE PAUL D. BORMAN

MAGISTRATE JUDGE MONA K. MAJZOUB

# REPORT AND RECOMMENDATION

RECOMMENDATION: This Court recommends that Petitioner's Motion To Vacate Sentence Pursuant to 28 U.S.C. § 2255 be DENIED.

****

Petitioner was indicted on January 6, 1999, for two counts of drug-related violations. Petitioner and his co-conspirators were convicted by a jury on June 4, 1999 and Petitioner was sentenced to a term of 240 months imprisonment. Petitioner's conviction was affirmed by the Sixth Circuit on December 3, 2002. *United States v. Stines, et al.*, 313 F.3d 912 (6th Cir. 2001).

On October 1, 2003, Petitioner filed a Motion To Vacate Sentence pursuant to 28 U.S.C. § 2255 contending that the indictment by which he was charged was deficient for failing to cite a penalty provision for the underlying offense and that his counsel was ineffective for failing to object to the indictment. On December 22, 2003, Petitioner filed a Motion For Leave to Supplement in which he asserts that his counsel was also ineffective for failing to file a notice of appeal on his denied motion for new trial and failing to obtain the personnel file of a government

witness. He also alleges that certain government witnesses committed perjury. On December 23, 2003, Respondent filed its Response in Opposition to Petitioner's Motion To Vacate Sentence Under 28 U.S.C. § 2255, in which it contends that Petitioner's claims are procedurally defaulted or without merit. On July 21, 2004, Petitioner filed a Citation of Supplemental Authority arguing that he is entitled to a reduced sentence under *Blakely v. Washington*, 124 S. Ct. 2531 (June 24, 2004).

## JURISDICTION TO REVIEW PETITIONER'S HABEAS CLAIMS

As an initial matter, Petitioner vaguely asserts that the trial court was without jurisdiction to conduct his criminal trial because the indictment was defective. In support of this argument, Petitioner relies on *Ex parte Bain*, 121 U.S. 1 (1887), and its progeny, where the Supreme Court held that "the jurisdiction of the offence [was] gone, and the court [had] no right to proceed any further in the progress of the case for want of an indictment." *Ex parte Bain*, 121 U.S. at 13. However, *Ex parte Bain* was expressly overruled by *United States v. Cotton*, 535 U.S. 625 (2002) where the Supreme Court stated that *Bain* was

> a product of an era in which this Court's authority to review criminal convictions was greatly circumscribed. At the time it was decided, a defendant could not obtain direct review of his criminal conviction in the Supreme Court (internal citations omitted). The Court's authority to issue a writ of habeas corpus was limited to cases in which the convicting 'court had no jurisdiction to render the judgment which it gave.' (quoting *Bain*, 121 U.S. at 3). In 1887, therefore, this Court could examine constitutional errors in a criminal trial only on a writ of habeas corpus, and only then if it deemed the error 'jurisdictional.' The Court's desire to correct obvious constitutional violations led to a 'somewhat expansive' notion of 'jurisdiction,' (internal citations omitted) . . . .

> *Bain's* elastic concept of jurisdiction is not what the term 'jurisdiction' means today, *i.e.*, the courts statutory or constitutional *power* to adjudicate the case.

*Cotton*, 535 U.S. at 629-30. The Court went on to emphasize that a defective indictment does not affect the jurisdiction of the trial court so as to require the court to vacate the sentence. Accordingly, Petitioner's contention that the trial court was without jurisdiction based on an allegedly defective indictment is without merit. A motion brought under 28 U.S.C. § 2255 is in essence a continuation of Petitioner's criminal trial and therefore this Court has jurisdiction to consider Petitioner's § 2255 motion. *See generally United States v. Frady*, 456 U.S. 152, 182 (1981)(Brennan, J., dissenting); *United States v. Means*, 133 F.3d 444, 448-49 (6th Cir. 1998).

**STANDARD OF REVIEW**

A writ of habeas corpus is authorized under 28 U.S.C. § 2255 which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255. The Sixth Circuit has held that:

> 'To prevail under 28 U.S.C. § 2255, a defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process.'

*Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998)(quoting *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994))(citations omitted). Before reaching the merits of Petitioner's § 2255 motion, however, a court must consider if those claims are barred by the doctrine of procedural default.

Generally, challenges to a conviction must be raised on direct appeal and a petition pursuant to § 2255 will not be allowed "to do service for an appeal" *Sunal v. Large*, 332 U.S. 176, 178 (1947); *United States v. Walsh*, 733 F.2d 31, 34-35 (6th Cir. 1984). In circumstances where a prisoner failed to raise certain issues on direct appeal, he is said to be procedurally defaulted from pursuing those same issues as habeas claims in federal court. *See Bousley v. United States*, 523 U.S. 614, 621 (1998)("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'")(citations omitted). Here, Petitioner failed to challenge the indictment on direct appeal to the Sixth Circuit and so he is procedurally defaulted from now pursuing that claim unless he can demonstrate entitlement to habeas review by other means. *Dawson v. United States*, 292 F.2d 365, 366 (9th Cir. 1961)(holding that the sufficiency of indictment under which petitioner had been charged . . . could not be raised by a petition for habeas corpus, but only by an appeal); *see also United States v. Lawrenson*, 210 F. Supp. 422, 428 (D.C. MD, 1962), *aff'd*, 315 F.2d 612 (4th Cir. 1963), *cert. denied*, 373 U.S. 938 (1963) ("The validity or sufficiency of an indictment which has not been challenged at the trial is not subject to collateral attack by habeas corpus or under 28 U.S.C. § 2255 except under exceptional circumstances, such as where the court which tried the case had no jurisdiction.").

Petitioner's claim was also procedurally defaulted from review by the Sixth Circuit because he failed to object to the indictment before or during his trial. Any complaints as to errors, omissions, or other problems with the indictment as it is returned by a grand jury must be made at trial or on direct appeal. *See* Fed. R. Crim. P. 12(b)(3), ("[d]efenses and objections based on defects in the indictment or information" must be raised prior to trial);. Petitioner's failure to object to the indictment before or at trial would have served as a bar to the Sixth Circuit's review of the claim unless the indictment was plainly erroneous. *See* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention"). Because Petitioner did not challenge the indictment on appeal, however, the Sixth Circuit had no occasion to consider whether the indictment was defective. Now the question becomes whether this Court may consider the merits of Petitioner's claims which are subject to a double procedural default.

Where a prisoner's habeas claims are subject to double procedural default "a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1981). "When the section 2255 petitioner has procedurally defaulted his contentions by failing to assert them on direct appeal or via a previously litigated habeas application, he must further either prove (1) that he possessed good cause for failing to do so and would suffer actual prejudice if his averments are deemed precluded, or (2) that he is actually innocent of the subject offense." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citing *Bousley*, 523 U.S. at 622); *see also Davis v. United States*, 411 U.S. 233 (1973); *Francis v. Henderson*, 425 U.S. 536 (1976); and *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Frady*, 456 U.S. at 167. In *Frady*, the Court held,

> to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains.

*Frady*, 456 U.S. at 167-68. In this case, just like in *Frady*, this Court need not consider whether Petitioner has demonstrated cause as to ***each procedural default*** since the Petitioner has failed to demonstrate the requisite prejudice by way of the indictment.

Petitioner argues that the indictment was deficient for failing to make mention of the penalty provision of the statute for the substantive offense for which he was charged.[1] In support of Petitioner's argument, he cites *United States v. Evans*, 333 U.S. 483 (1947), and contends that *Evans* stands for the proposition that an indictment must necessarily include both notice of the conduct forbidden and the penalty proscribed. Petitioner's reliance on *Evans* is misplaced. In *Evans,* the defendant was indicted for concealing and harboring aliens, contrary to § 8 of the Immigration Act of 1917 which provided:

> That any person . . . who shall bring into or land in the United States . . . [or shall attempt to do so] or shall conceal or harbor, or attempt to conceal or harbor, or assist or abet another to conceal or harbor in any place . . . any alien not duly admitted by an immigrant inspector . . . shall be deemed guilty of a misdemeanor, *for each and every alien so landed or brought in or attempted to be landed or brought in.*

[1] Petitioner also claims, without specificity, that the indictment contained either an amendment or variance, or both, which rendered the indictment unconstitutional. Although he cites numerous cases which recognize that an indictment may be defective based on a variance or amendment, he offers no details as to how these cases apply here. Instead, he asserts that the indictment under which he was charged failed to contain a notice of a penalty provision. Petitioner was indicted for violating 21 U.S.C. § 846 and that is the crime under which he was convicted. There is nothing in the record to indicate that the indictment was ever altered or amended in any manner. Having failed to identify how his indictment was defective based on a variance or amendment, the Court disregards that particular argument and moves on to his claim based on the failure of the indictment to contain a penalty provision.

*Evans*, 333 U.S. at 483-84. Evans argued that "although the statute provided for two different crimes, one landing or bringing in unauthorized aliens, and the other concealing or harboring such aliens, punishment was prescribed in terms only for the former crime." Thus, in *Evans*, the Supreme Court undertook the review of an ambiguously drafted statute which seemed to describe two crimes but penalized only one. *Evans* does not stand for the proposition that an indictment must cite a penalty provision.

Contrary to Petitioner's assertion, an indictment is not constitutionally defective for failing to provide notice of a crime's accompanying penalty. "An indictment meets the guarantees of the Fifth and Sixth Amendments if it . . . contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend" *United States v. Wicks*, 187 F.3d 426, 427 (4th Cir. 1999)(citing *Hamling v. United States*, 418 U.S. 87 (1974)); *Dawson v. United States*, 292 F.2d 365 (1961)("The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.").

Petitioner's indictment recited the following:

> That from in or about 1989 and continuing to September 1998, in the Eastern District of Michigan, and elsewhere, . . . KEITH MAURICE PHELAN, a/k/a K-9, . . . and [omitted co-conspirators] did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree with each other and with other persons whose names are both known and unknown to the Grand Jury, to commit an offense or offenses against the United

> States, that is to possess with intent to distribute and to distribute cocaine and cocaine base (crack cocaine), Schedule II Controlled Substances, contrary to the provisions of Title 21, United States Code, 841(a)(1); all in violation of Title 21, United States Code, Section 846.

(Respondent's Exhibit A, First Superseding Indictment). The indictment contains adequate notice of the facts giving rise to the charges against Petitioner. Moreover, Petitioner did not assert at any time during the proceedings against him that he was uncertain of either the charged offense or the elements of the offense. As such, even though the indictment omitted the penalty provision, the missing code section could not have prejudiced Petitioner as to the charges against him.

Failing to convince this Court that an indictment must contain notice of both a crime and penalty, Petitioner next argues that the penalty provision under which he was subjected was an element of the crime such that it should have been included in his indictment.[2] To support this argument, Petitioner cites *Jones v. United States*, 526 U.S. 227 (1999). Petitioner's reliance on *Jones* is also misplaced. In *Jones*, the defendant was charged under 18 U.S.C. § 2119 which defined three distinct offenses related to car jacking.[3] The defendant's possible penalty was dependent on which of the three offenses he was charged. In *Jones,* the defendant's indictment

---

[2] This argument differs from his first argument in which Petitioner argues that as a *per se* rule, an indictment must contain notice of a penalty. In his second argument, Petitioner asserts that the penalty provision of § 841 is an element of the substantive offense such that it should have been included in the indictment.

[3] 18 U.S.C. § 2119 provides: Whoever, possessing a firearm as defined in section 921 of this title, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall–

> (1) be fined under this title or imprisoned not more than 15 years, or both,
> (2) if serious bodily injury (as defined in section 1365 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and
> (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both

made no reference to the statute's different subsections and Jones was advised at his arraignment that he faced a maximum penalty of 15 years imprisonment for the offense. Ultimately, the district court sentenced Jones to a term of 25 years imprisonment based on its finding that Jones had caused serious bodily injury to the owner of the automobile before absconding with the car.

The Supreme Court considered whether causing serious bodily injury to the victim of the car jacking was an element of the crime such that it should have been charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt. *Jones*, 526 U.S. at 232 (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Gaudin*, 515 U.S. 506, 509-10 (1995)). The Supreme Court held that under that particular car jacking statute, causing serious bodily injury was an element of the crime that should have been charged in the indictment and subsequently proven at trial. Contrary to Petitioner's assertions, *Jones* does not stand for the broad proposition that a penalty provision always constitutes an element of a crime.

In Petitioner's Citation of Supplemental Authority, filed on July 21, 2004, he asserts that under both *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 124 S. Ct. 2531 (June 24, 2004), his indictment should have contained a specific drug amount as an element of his offense. Petitioner's assertion is incorrect. In *Apprendi*, the Supreme Court held that the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. In *Blakely*, the Court defined "prescribed statutory maximum" as the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. Here, Petitioner was charged under 21 U.S.C. § 846 which criminalizes conspiracy under "any offense defined in this title." The primary

offense of manufacturing, distributing, or possessing a controlled substance is set forth in 21 U.S.C. § 841(a). The penalty for violating § 841(a) is found in § 841(b). Thus, an individual who has conspired to commit an offense listed in § 841(a) is still subject to the penalty provision of § 841(b). This statutory framework unambiguously provides a penalty for both the primary offense, such as drug possession, and conspiracy of the primary offense.

Generally, a violation of § 841(a), or § 846 for conspiracy, carries a maximum penalty of 240 months; however, the sentence may be greater based on certain aggravating factors such as the quantity of drugs possessed by the defendant. In the event an individual is charged with a drug crime where the government is seeking a sentence greater than 240 months, the government would be required to include those aggravating factors in the indictment just as if it were an element of the crime. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000). In this case, the government did not seek a penalty beyond the 240 months prescribed under § 841. Therefore, the government was required to prove only the elements of the substantive offense without any aggravating factors such as a specific drug quantity. *Apprendi*, 530 U.S. at 490. Thus, even if Petitioner could demonstrate cause to excuse his double procedural default, his claim that his indictment or conviction was deficient under either *Apprendi* or *Blakely* is without merit. Accordingly, this Court recommends that Petitioner's habeas claim based on the indictment be denied.

INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's final habeas claims allege the following three grounds of ineffective assistance of counsel: (1) that his counsel was ineffective for failing to challenge the indictment as being

defective; (2) that his counsel was *per se* ineffective for failing to file a notice of appeal on his motion for new trial; and (3) that his counsel was ineffective for not requesting material on a government witness regarding his personnel file. To show that he was denied effective assistance of counsel under federal constitutional standards, a petitioner must satisfy a two-pronged test. First, the petitioner must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.*; *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994). Second, the petitioner must show that such performance also prejudiced his defense. *Id.* To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, Petitioner cannot succeed on his first claim of ineffective assistance of counsel because, as already discussed, the indictment was not defective. Alternatively stated, defense counsel was without any legal basis to object to or properly challenge the indictment. Therefore, Petitioner is not entitled to habeas relief on this ground.

Petitioner's second claim of ineffective assistance of counsel incorrectly asserts that he need not demonstrate prejudice. In support of his argument, Petitioner cites*Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) where the Sixth Circuit held that defense counsel's failure to perfect a direct appeal, in derogation of defendant's actual request, is *per se* a violation of the Sixth Amendment, without regard to probability of success on appeal. *See also Castellanos v. United*

*States*, 26 F.3d 717, 720 (7th Cir. 1994)(holding, in a case in which it was undisputed that the defendant requested that his attorney file a direct appeal, that '[a] defendant is entitled on direct appeal to legal aid . . . and he need not make a preliminary showing of prejudice . . ."); *see also Roe v. Flores-Ortega*, 528 U.S. 470 (2000). The issue presented here, however, is not whether counsel is presumed ineffective for failing to file notice of direct appeal but rather whether counsel is presumed ineffective for failing to file a notice of appeal on a motion for new trial.

Generally, prejudice is presumed only in the most egregious cases of ineffective assistance, such as where a defendant has been hampered by the "'complete denial of counsel'" *Kitchen v. United States*, 227 F.3d 1014, 1021 (7th Cir. 2000)(quoting *Flores-Ortega*, 120 U.S. at 483). In *Kitchen*, the court considered the same issue presented here, specifically whether counsel is presumed ineffective for failure to file a notice of appeal for a motion for new trial. In *Kitchen*, the court emphasized that the defendant was not deprived of the appellate process altogether, but only on certain issues not raised by counsel. The court then held that a defendant raising ineffective assistance of counsel based on counsel's failure to appeal only certain issues, such as a motion for new trial, must demonstrate how he was prejudiced in order to meet the *Strickland* test. Therefore, counsel was not presumed ineffective for failing to file a notice of appeal of a motion for new trial. The Sixth Circuit also follows this rule that where a habeas petitioner claims his counsel was ineffective for failing to appeal certain issues, he must demonstrate that counsel's omissions caused him prejudice. *Moorer v. Price*, 2003 U.S. Dist. LEXIS 19477 (E.D. Mich. 2003)(relying on *Kitchen*, 227 F.3d at 1022). This Court agrees that Petitioner must demonstrate prejudice resulting from counsel's failure to file a notice of appeal of his denied motion for new trial.

Petitioner offers no explanation as to how he was prejudiced by his counsel's failure to file a notice of appeal based on his denied motion for new trial. He does not present or describe the issues contained in his denied motion for new trial or explain how those issues, if appealed, would have changed the outcome of his conviction. Petitioner bears "the burden of demonstrating prejudice." *Smith v. Robbins*, 528 U.S. 259, 285 (2000). "The petitioner's burden of demonstrating prejudice is high." *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002); *see also Williams v. Taylor*, 529 U.S. 362, 394 (2000)(quoting with approval trial court's recognition that "[t]he petitioner bears the 'highly demanding' and 'heavy burden' in establishing actual prejudice."). Thus, [i]t is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Rather, to establish prejudice, petitioner must show "a reasonable probability that, absent [counsel's failure], the fact finder would have had a reasonable doubt respecting guilt." *Id.* at 695. Here, Petitioner has failed to sustain his burden of demonstrating prejudice. Accordingly, the Court concludes that Petitioner is not entitled to habeas relief on his claim that his counsel was ineffective for failing to file a notice of appeal for a motion for new trial.

Finally, Petitioner claims that his counsel was ineffective for failing to request, via discovery, to "inspect the personnell [sic] files of Lieutenant Donald Bailey" regarding impeachment evidence related to the witness' veracity, and instances of misconduct (Petitioner's Motion To Supplement, pg. 4). Petitioner does not explain the importance of Lieutenant Bailey's personnel file or how it may have changed the outcome of his conviction. The record also reflects that the Court resolved Petitioner's motion under *Brady v. Maryland*, 373 U.S. 83 (1963) in which Petitioner sought from the prosecution all evidence favorable to his case (Docket # 154). The

prosecution's duty to disclose favorable evidence upon request includes evidence regarding the reliability of a witness. *United States v. Coyle*, 260 F.3d 684, 707 (6th Cir. 2001). Petitioner filed no subsequent motion requesting discovery relating to Bailey. Therefore, Petitioner has failed to demonstrate prejudice arising from counsel's alleged failure to obtain Bailey's personnel file. *United States v. Cortes*, 895 F.2d 1245 (9th Cir. 1990)(holding that counsel's failure to request discovery where government had given him all discoverable evidence did not amount to ineffective assistance of counsel). Accordingly, Petitioner is not entitled to habeas relief on this claim.

PROSECUTION WITNESSES

Petitioner's final habeas claims focus on several witnesses offered by the prosecution. [4] Specifically, Petitioner claims that habeas relief is warranted where (1) witness Palmer misled the jury as to an agreement he had with the prosecution; (2) witnesses Palmer, Alexander, and Warren "colluded before the court and the government to introduce perjured testimony"; (3) witness Quinzy "recanted his testimony in an affidavit stating that he had been shown information concerning the case and that he was told to review it so that he would not make any mistakes when testifying" (Petitioner's Motion To Supplement, pg. 7-9). The Court finds no merit to these claims.

[4] Some of these claims were initially raised in Petitioner's motion for new trial which was denied and never appealed. Because Petitioner claims that his counsel failed to appeal the denial of his motion for new trial, the Sixth Circuit would have been precluded from considering these claims such that Petitioner is now procedurally defaulted from this Court habeas review of the same. Ineffective assistance of counsel, however, would relieve him of the procedural default such that this Court will consider these procedurally defaulted claims.

As to Palmer's agreement, Petitioner alleges that "Palmer stated under oath that the only agreement with the government he had was that 'the government would recommend to go as low as 60 months;' but in reality was released following the testimony and/or conviction of defendant." (Petitioner's Motions To Supplement, pg. 6-7). Petitioner offers no supporting evidence other than his bare and conclusory allegations that an agreement between the prosecution and Palmer existed. "The mere fact that [a witness's] sentence[] [was] later altered is not evidence that a deal existed prior to their testimony at trial." *Coyle*, 260 F.3d at 707. The Court concludes that Petitioner is not entitled to habeas relief on this ground.

The next issue raised by Petitioner is that several witnesses colluded to give perjured testimony. Petitioner's claim fails for two reasons. First, the Sixth Circuit has already considered this issue on the direct appeal of Petitioner's co-defendants and found that it was meritless. *United States v. Stines*, 313 F.3d 912, 919 (6th Cir. 2003)(Unpublished Appendix)("Whether the government witnesses had conversations about the trial was a collateral matter."). Second, the Sixth Circuit has held that in order for witness perjury at trial to constitute a basis for habeas relief, the petitioner must show prosecutorial involvement in the perjury. *Burks v. Egeler*, 512 F.2d 221, 229 (6th Cir. 1975). Here, Petitioner supports his claim by offering the recanted testimony of Julius Quinzy who alleges that he was told to review information related to the case to ensure the accuracy of his testimony (Petitioner's Motion to Supplement, pg. 8). "Quinzy further stated that the prosecutor smiled and gave them a 'wink' and that all of the witnesses exchanged information so as to give better testimony against defendant" (Petitioner's Motion to Supplement, pg. 8). Quinzy's recanted testimony is of questionable utility as "recanting affidavits are always viewed with extreme suspicion" *Coyle*, 260 F.3d at 708 (citing *United States*

*v. Chambers*, 944 F.2d 1253, 1264 (6th Cir. 1991)); *United States v. Willis*, 257 F.3d 636, 645 (6th Cir. 2001). Without more, this Court rejects Quinzy's recanted testimony to establish prosecutorial involvement in offering perjured testimony. Petitioner is not entitled to habeas relief on this claim.

For all of the forgoing reasons, this Court concludes that Petitioner's Motion To Vacate Sentence pursuant to 28 U.S.C. § 2255 should be DENIED.

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: 8/30/04

MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE